UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

                Petitioner,                Case No. 2:19-cv-12845
                                                        Hon. Sean F. Cox

v.

THOMAS WINN,

                Respondent.
_____/

## OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

Jammie Collier filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. In 2013, Petitioner pled guilty in the Genesee Circuit Court to unlawfully driving away an automobile and fleeing from a police officer, and he was sentenced to 29-to-60 months' imprisonment. The habeas petition does not challenge Petitioner's conviction or sentence. Rather, it challenges the revocation of Petitioner's parole in 2016. But because Petitioner has since been re-released on parole, his claims regarding the prior parole revocation have been mooted. The Court will therefore dismiss the petition.

### I. Background

Petitioner was released on parole from his Genesee Circuit Court sentence on January 13, 2016. In November of 2016, Petitioner was charged with violating the terms of his parole by possessing a firearm. A parole-revocation hearing was held on February 14, 2017, after which Petitioner was remanded to prison. (*See* ECF No. 13-2.) Petitioner claims that his rights were

violated at the revocation hearing because the Parole Board considered hearsay to support the parole violation charges.

After protracted proceedings in the state courts aimed at challenging his parole revocation, Petitioner commenced this action. (*See* ECF No. 12, PageID.345-348.) Michigan Department of Corrections' records indicate, however, that Petitioner was re-released on parole on June 10, 2020. (http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=691730.)

## II. Discussion

Federal courts may only review actual cases or controversies. U.S. Const. art. III, § 2, cl.1. The Court may not adjudicate disputes that have become moot. *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)(en banc). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court addressed mootness in the context of a habeas petition challenging a parole-revocation proceeding. *Id*. at 3. In that case, as here, the habeas petitioner challenged an order revoking his parole, but the petitioner had been re-released on parole while his federal habeas case was on appeal. *Id*. at 5-6. The Court found that the petitioner's re-release mooted his claims regarding the earlier revocation. *Id*. at 18. The Court held that a paroled habeas petitioner who disputes an earlier parole revocation must demonstrate existing "collateral consequences" stemming from the revocation or else face dismissal of his habeas petition. *Id*. at 14.

As in *Spencer*, Petitioner has been released from the period of reincarceration that resulted from the parole revocation challenged by his habeas petition. This period of already

2

served reincarceration "cannot be undone." *Id*., 523 U.S. at 8. And because Petitioner contests only his parole revocation (and not his underlying criminal conviction or current parole status), there is no basis to conclude that Petitioner will suffer collateral consequences from the decision revoking the earlier grant of parole. *See Witzke v. Brewer*, 849 F.3d 338, 340-341 (6th Cir. 2017). Indeed, despite its prior revocation order, the Parole Board was persuaded to issue a new order of parole.

Nor has Petitioner asserted the existence of any collateral consequences. Since his recent release on parole Petitioner has not communicated with the Court, nor has he provided the Court with a forwarding address. *See* LR 11.2.

In light of these facts, it appears that no continuing injury remains for this Court to redress. The petition is therefore dismissed because Petitioner's claims have been mooted by the Parole Board's action of re-releasing him on parole.

### III. Conclusion

The Court **DISMISSES** the petition for a writ of habeas corpus.

A certificate of appealability is **DENIED** because reasonable jurists would not debate the conclusion that Petitioner's claims are moot. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Permission to appeal *in forma pauperis* is **DENIED** because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/Sean F. Cox
Hon. Sean F. Cox
United States District Judge

Dated: September 22, 2020